IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 13-cv-1922-CMA-CBS**

WILLIE RICHARDSON and
DOLORES RICHARDSON

      Plaintiffs,

v.

MEDTRONIC, INC., a Minnesota corporation,
MEDTRONIC SOFAMOR DANEK USA, INC., a Tennessee corporation;
MIRO SHULLA, an individual; and
DOES 1 through 10,

      Defendants

---

## PROTECTIVE ORDER

---

    1.      **Use of "Confidential" or "Highly Confidential" Documents.** All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Highly Confidential" shall be used only as follows in this proceeding;

    2.      **Scope of "Confidential" or "Highly Confidential" Documents.** Use of any information or documents labeled "Confidential" or "Highly Confidential" and subject to this Protective Order, including all information derived therefrom shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

-1-

3.      **Defining "Confidential" or "Highly Confidential" Documents.** The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Highly Confidential" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards.  The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Highly Confidential," if practical to do so.

3.1     "Confidential" designation is intended to convey that the information being produced, whether or not embodied in any physical medium, including all originals and copies of any document, contains (a) private health, personal or medical information regarding Plaintiffs not otherwise publicly available, (b) personnel records and information related to compensation, performance reviews and other employment information, or (c) non-public, proprietary, sensitive and/or trade secret information used by the producing party in or pertaining to its business, or information pertaining to third-party privacy interests, which information the Producing Party reasonably and in good faith believes contains or concerns confidential, non-public, proprietary and/or sensitive information. Confidential Information shall also include any summaries or portions of documents created or derived from original documents deemed Confidential under this Order. This definition is not intended to enlarge the definition of "Confidential" under the applicable legal standards, nor to whom those documents may be disclosed under paragraphs 8 and 10.

3.2     "Highly Confidential" is a designation that the information qualifies as extremely sensitive information disclosure of which to a business competitor

-2-

or another party would create a substantial risk of serious harm that could not be avoided by less restrictive means. This definition is not intended to enlarge the definition of "Highly Confidential" under the applicable legal standards, nor to whom those documents may be disclosed under paragraphs 8 and 10.

3.3     The parties acknowledge that any designation of a document or information as "Confidential" or "Highly Confidential" is subject to the attorney certification requirement under Fed. R. Civ. P. 26(g).

4.     **Redaction of "Confidential" or "Highly Confidential" Documents.**

4.1     The Producing Party may redact the following types of "Confidential" or "Highly Confidential" information from any documents or information it produces, regardless of whether the document itself is designated or deemed to be "Confidential" or "Highly Confidential":

(a)     Providers associated with individual patient names or treatment and/or patient identities, including phone numbers, addresses and other identifying information (with the exception of information relating to Plaintiffs or any other named party);

(b)     Pursuant to 21 CFR 20.63(a) and (f), the names or other information which would identify patients or research subjects in any medical or similar report, test, study, or other research project. The names and any information that would identify the voluntary reporter or any other person associated with an adverse event involving a human drug, biologic, or medical device. Information that would identify the voluntary reporter or persons identified in the report includes, but is

-3-

not limited to, the name, address, institution, or any other information that would lead to the identities of the reporter or persons identified in a report.  With respect to this subsection, no redactions will be made where the names include Plaintiff Willie Richardson, treating physicians relating to Plaintiff Willie Richardson, or records relating to Plaintiff Willie Richardson's medical treatment; and

(c)     Information concerning products not involved in this litigation, except that this provision does not exclude any reference to BMP, rh-BMP, rh-BMP2, and incidental references to Amplify.  This does not serve to expand the scope of discovery into requests that are specific to the Amplify® product, however.

4.2     Any "Confidential" or "Highly Confidential" documents so redacted shall be redacted in a way so that the extent of the redaction is clear to the receiving party.

4.3.    If there is a dispute whether any redacted material qualifies for redaction under this section, counsel may move for a ruling.

**5.     Filing "Confidential" or "Highly Confidential" Documents.**

5.3     If portions of documents or other materials deemed "Confidential" or "Highly Confidential" or any papers containing or making reference to such materials are filed with the Court, they shall be filed in compliance with the procedures indicated in D.C.Colo.LcivR 7.2.

5.4     If a non-designating party is filing a document that another party has designated as "Confidential" or "Highly Confidential," then the non-

1137886.3

designating party shall file the restricted document in compliance with the procedures indicated in D.C.Colo.LcivR 7.2.

5.5 "Confidential" and "Highly Confidential" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed as restricted documents by counsel and marked in the same manner as described in paragraph 5.1 above. Such restricted portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

**6. Designation of Documents as "Confidential" or "Highly Confidential" Documents.**

6.1 Any Producing Party may, in good faith, designate "Confidential" or "Highly Confidential" information contained in a document or thing or deposition specifically by either marking the entire document or thing or deposition (or pages of a deposition transcript) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or by designation, in writing, identifying the Bates stamp number which has been assigned to the document or thing. Any documents so designated will be subject to the certification requirements of the Rule 26(g) of the Federal Rules of Civil Procedure.

4.3 Third parties producing documents in the course of this action may also designate documents as "Confidential" or "Highly Confidential" subject to the same protections and constraints as the parties to the action. Notice of the Protective Order must be noted in any subpoena served in connection

with this action and a copy of the Protective Order must be provided upon request.  All documents produced by such third parties shall be treated as Confidential for a period of 15 days from the date of their production, and during that period any party may designate such documents as "Confidential" or "Highly confidential" pursuant to the terms of this Protective Order.

4.4     Any producing party may, in good faith, designate information or documents disclosed during deposition as "Confidential" or "Highly Confidential" by indicating on the record at the deposition that the entire deposition testimony, or any specified part of the testimony given or to be given, and/or all or any part of the document or thing marked for identification at such deposition is "Confidential" or "Highly Confidential" information subject to the provisions of this Protective Order.

4.5     In the case of deposition testimony, confidentiality designations shall be made within thirty (30) days after the transcript has been received by counsel making the designation and shall specify the testimony being designated "Confidential" or "Highly Confidential" information by page and line number(s).  Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control.  Until the expiration of such 30 day period, the entire text of the deposition, including all testimony therein and exhibits thereto, shall be treated as "Confidential" or "Highly Confidential" information under this Protective Order.  However, to avoid delay, the parties will make a concerted effort to indicate whether the "Highly Confidential" designation

-6-

will be asserted for the deposition and/or exhibits.  The deposition of any witness (or any portion of such deposition) that encompasses "Confidential" or "Highly Confidential" information shall be taken only in the presence of persons who are qualified to have access to such information as defined by Paragraphs 8 or 10, respectively. To avoid delay in providing depositions to the parties, at the conclusion of each deposition, the parties will make a concerted effort to confer as to whether there is a reasonable basis for delaying production of the transcript to the parties. If the parties agree that no "Highly Confidential" information was discussed or disclosed during the deposition, the parties may directly receive the deposition transcripts before the 30-day period contemplated by this paragraph expires.

4.6     This section does not preclude any party from attending any deposition in this case. In the event that "Highly Confidential" information or documents are discussed in a deposition at which a party is present but not the deponent, counsel agree that non-deponent parties will be excused from the deposition before inquiry is made about "Highly Confidential" information/documents. Upon conclusion of the line of questioning regarding "Highly Confidential" information/documents, the non-deponent parties will be invited to return to the deposition.

4.7     When "Confidential" or "Highly Confidential" information is incorporated in a transcript of a deposition, hearing, trial, or other court proceeding, counsel for the Party presenting the "Confidential" or "Highly Confidential" information shall arrange for the court reporter to label such portion of the transcript as "Confidential" or "Highly Confidential ."  The parties will

-7-

confer in advance of trial as to how to handle the use of "Highly

Confidential" information and/or documents at trial.

5.      **Designation of Interrogatory Reponses as "Confidential" or "Highly**

**Confidential" Documents.**  Any party may, in good faith, designate "Confidential" or "Highly

Confidential" information contained in a response to an interrogatory by designating the responses

"Confidential" or "Highly Confidential" or the receiving party otherwise shall be advised in

writing of such confidential status, and the information may be served and filed in a separate

document if desired.

6.      **Who May Access Confidential Documents.** Use of any information, documents,

or portions of documents marked "Confidential," including all information derived therefrom, shall

be restricted solely to the following persons, who agree to be bound by the terms of this Protective

Order, unless additional persons are stipulated by counsel or authorized by the Court:

(a)     Outside counsel of record for the parties, and the administrative staff
        of outside counsel's firms,

(b)     In-house counsel for the parties, and the administrative staff for each
        in-house counsel,

(c)     Persons noticed for depositions or designated as trial witnesses to the
        extent reasonably necessary in preparing to testify, provided that they
        read the Protective Order in advance of disclosure and execute as
        Affidavit in the form attached hereto as EXHIBIT A (except that
        current and former officers or employees of a party need not sign
        Exhibit A for purposes of showing documents to these persons at
        deposition or trial but they are also not prohibited from doing so.)

-8-

(d)     Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation,

(e)     Independent consultants or expert witnesses (including partners, associates and employees of the firm that employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation,

(f)     The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

(g)     The authors and the original recipients of the documents,

(h)     Any court reporter or videographer reporting a deposition or trial, and

(i)     Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

7.      **Conditions for Who May Access of Confidential Documents.** Prior to being shown any documents produced by another party marked "Confidential," any person listed under paragraph 8(c) or 8(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A, except that all officers, employees, and former officers and employees of

-9-

Medtronic (and any of its subsidiaries or related entities) need not sign Exhibit A for purposes of showing documents to these persons at deposition or trial.  Prior to being shown any documents produced by another party marked "Confidential," any person listed under paragraph 8(e) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit B.

8.      **Who May Access Highly Confidential Documents.** Use of any information, documents, or portions of documents marked "Highly Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

> (a)      Outside counsel of record for the parties, and the administrative staff of outside counsel's firms,

> (b)      In-house counsel for the parties, and the administrative staff for each in-house counsel,

> (c)      Persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify, provided that they read the Protective Order in advance of disclosure and execute as Affidavit in the form attached hereto as EXHIBIT A (except that current and former officers or employees of a party need not sign Exhibit A for purposes of showing documents to these persons at deposition or trial but they are also not prohibited from doing so.)

> (d)      Independent consultants or expert witnesses (including partners, associates and employees of the firm that employs such consultant or expert) retained by a party or its attorneys for purposes of this

litigation, but only to the extent necessary to further the interest of the parties in this litigation,

(e)     The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

(f)     The authors and the original recipients of the documents,

(g)     Any court reporter or videographer reporting a deposition or trial, and

(h)     Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

9.      **Conditions for Who May Access Highly Confidential Documents.** Prior to being shown any documents produced by another party marked "Highly Confidential," any person listed under paragraph 10(c) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A except that all officers, employees, and former employees of Medtronic (and any of its subsidiaries or related entities) need not sign Exhibit A for purposes of showing documents to these persons at deposition or trial.  Prior to being shown any documents produced by another party marked "Highly Confidential," any person listed under paragraph 10(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit B.

10.     **Exclusion of Persons Not Outlined in this Protective Order.** Whenever information designated as "Confidential" or "Highly Confidential" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the

-11-

designating party may exclude from the room any person, other than persons designated in paragraphs 8 and 10, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

11.    **Use.**  Persons obtaining access to "Confidential" or "Highly Confidential" information under this Protective Order shall use the information only for preparation and trial of this action, and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

12.    **No Waiver.**

12.1    Review of the "Confidential" or "Highly Confidential" information by counsel, experts, or consultants for the litigants in this Action shall not waive the confidentiality of the documents or objections to production.

12.2    The inadvertent, unintentional, or *in camera* disclosure of "Confidential" or "Highly Confidential" information shall not, under any circumstances, be deemed a waiver in whole or in part, of any party's claims of confidentiality.

12.3    Nothing contained in this Protective Order shall constitute a waiver of, or otherwise prejudice the Producing Party's right to protect from disclosure any information based on any applicable privilege, right of privacy, trade secret protection or other statutory or common law immunity.

12.4    Inadvertent production of documents subject to work-product immunity and the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the Producing Party shall notify the Receiving Party promptly upon discovery of inadvertent disclosure in writing of such inadvertent production.  To the extent that a party identifies any other reason for requesting the return of any document based on privilege or other, the

-12-

parties will meet and confer.  If reasonably prompt notification is made, such

inadvertently produced documents and all copies thereof, as well as all notes

or other work product reflecting the contents of such materials, shall be

returned to the Producing Party or destroyed, upon request.  No use of such

documents shall be made during deposition or at trial, nor shall they be

shown to anyone who was not given access to them prior to the request to

return or destroy them.

12.5    The parties shall take such measures as are necessary and appropriate to

make a good faith effort to prevent the public disclosure of "Confidential" or

"Highly Confidential" information through inadvertence or otherwise, after

the conclusion of this litigation.

13.    **Responsibility of Attorneys.**  The attorneys of record are responsible for

employing reasonable measures, consistent with this Protective Order, to control duplication of,

access to, and distribution of copies of "Confidential" or "Highly Confidential" information.

Parties shall not duplicate any "Confidential" or "Highly Confidential" information except internal

working copies (digital or otherwise), or to provide copies to individual identified under paragraphs

8 and 10, and for filing in court as restricted documents in compliance with the procedures

indicated in D.C.Colo.LcivR 7.2.  All copies made of "Confidential" information shall retain the

"Confidential" or "Highly Confidential" designation.

14.    **Challenge of Designation of "Confidential" or "Highly Confidential".**  Each

party reserves the right to dispute the confidential status claimed by any other party or subpoenaed

party in accordance with this Protective Order.  If a party believes that any documents or materials

have been inappropriately designated or redacted by another party or subpoenaed party, that party

shall confer with counsel for the designating party.  As part of that conferral, the designating party

-13-

must assess whether redaction is a viable alternative to complete non-disclosure.  If the parties are unable to resolve the matter informally, the parties must participate in a telephone conference call with the Court and only then, if directed by the Court, may the party or parties file an appropriate motion before the Court.  Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed or should maintain its "Confidential" or "Highly Confidential" designation or should be redacted.  A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

15.     **Clawback: Mistake or Inadvertent Disclosure.**

15.1    **"Confidential" or "Highly Confidential" Documents**. Documents produced and not designated as "Confidential" or "Highly Confidential" either through mistake or inadvertence shall likewise be deemed "Confidential" or "Highly Confidential" upon reasonable notice of such mistake or inadvertence.  Any party receiving such inadvertently unmarked documents shall make good faith efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation. Any party may request a change in the designation of any information designated "Confidential" or "Highly Confidential."  Any such document shall be treated as designated until the change is completed.  If the requested change in designation is not agreed to, the party seeking the change may move the court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" or "Highly Confidential" in the action may be affected.  The party asserting that the

material is "Confidential" or "Highly Confidential" information shall have the burden of proving that the information in question is protected from disclosure.

15.2   **Privileged Documents**. Where a producing party has inadvertently produced a document which the producing party later claims should not have been produced because of privilege, the producing party may require the return of any such document within 10 days of discovering that it was inadvertently produced (or inadvertently produced without redacting the privileged content).  A request for the return of any document shall identify the document by Bates number and the basis for asserting that the specific document (or portions thereof) is subject to the attorney-client privilege and the work product doctrine the basis for asserting that the production was inadvertent, and the date of discovery that there had been an inadvertent production.  To the extent that a party identifies any other reason for requesting the return of any document based on privilege or other, the parties will meet and confer.  The inadvertent production of any document which a producing party later claims should not have been produced because of a privilege will not be deemed to be a waiver of any privilege to which the Producing Party would have been entitled had the privileged document not inadvertently been produced.  If a producing party requests the return of the document, pursuant to this paragraph, of any such document from another party, the party to whom the request is made shall within ten (10) days return to the requesting party (or confirm in writing the destruction of) all copies of the document within its possession, custody, or control – including all copies

-15-

in the possession of experts, consultants, or others to whom the document was provided.  In the event that only portions of the document contain privileged subject matter, the Producing Party shall substitute a redacted version of the document at the time of making the request for the return of the requested document.  In the event the receiving party contests the claim of privilege or inadvertent production, the receiving party shall file a motion within 10 days after return of the document to obtain a court determination that the document is not privileged.

16. **Subpoena by the Courts or Agencies**.  If another court or an administrative agency subpoenas or orders production of "Confidential" or "Highly Confidential" information that the parties have obtained under the terms of this Protective Order, the parties shall promptly notify the producing party of the pendency of such subpoena or order.

17. **Client Consultations.**  Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of "Confidential" or "Highly Confidential" information; provided however, that rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of Paragraphs 7 through 10.

18. **Modification Permitted.** Nothing in this Protective Order shall prevent the Court from later modification of this Protective Order, any party from seeking amendments to expand or restrict or otherwise modify the rights of access to and use of "Confidential" or "Highly Confidential" information, or other modifications, subject to order by the Court.

19. **Non-Termination**. The provisions of this Protective Order shall continue to be binding on the Parties and on each person executing a Confidentiality Statement, during and after

-16-

1137886.3

the litigation of this action, unless otherwise ordered by the Court upon a duly noticed motion to all Parties.  Each person subject to this Protective Order shall continue to be subject to the jurisdiction of this Court for the purposes of enforcement of the confidentiality terms of this Protective Order.  Within 120 days after final conclusion of all aspects of this Action, "Confidential" or "Highly Confidential" information and all copies of same (other than exhibits of record) shall be returned to the Producing Party and/or destroyed.  All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Producing Party not more than 150 days after final conclusion of this Action, hereinafter attached as EXHIBIT B, except that this provision shall not require.

20.     The restrictions on disclosure and use of "Confidential" and "highly Confidential" documents shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

21.     **Scope of Protective Order.**

21.1     This Protective Order shall not enlarge or affect the proper scope of discovery in this action, nor shall this Order imply that material designated as "Confidential" or "Highly Confidential" under the terms of this Order is properly discoverable, relevant or admissible in this or any other litigation.

21.2     Nothing contained in and Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged confidentiality, relevancy, admissibility, or discoverability of the "Confidential" or "Highly Confidential" information sought.

21.3     Any breach of this Protective Order by any person or party may be punished in this Court's discretion as the Court deems appropriate.

-17-

21.4 Each person executing Exhibit A or B (Agreements to Maintain

Confidentiality) submits to the jurisdiction of this Court for the purpose of

enforcement of this Protective Order.

DATED at Denver, Colorado, on November 19, 2013.

BY THE COURT:


_s/Craig B. Shaffer_____
Craig B. Shaffer
United States Magistrate Judge

## **EXHIBIT A TO THE PROTECTIVE ORDER**

I, _____, have been advised by counsel of record for

_____ in *Richardson v. Medtronic, Inc., et al.,* 1:13-cv-

1922, pending in the United States District Court for the District of Colorado of the Protective

Order governing the delivery, publication, and disclosure of confidential and highly confidential

documents and information produced in this litigation.  I have read a copy of the Protective Order

and agree to abide by its terms.

_____
Signed

_____
Printed

_____
Date

-19-

## **EXHIBIT B TO THE PROTECTIVE ORDER**

I, _____ [Name – Print or Type], am over the age of 18 years and am a resident of _____ County, _____.  I make this Declaration based upon my personal knowledge, and I am competent to testify to the matters stated herein.

I have requested and received from _____ all of the materials, transcripts, and other things produced in this case *Richardson v. Medtronic, Inc., et al.,* 1:13-cv-1922, pending in the United States District Court for the District of Colorado

I have either destroyed or have attached hereto all of the materials, transcripts, and other things, including those materials which were returned to me by the experts and consultants mentioned above in accordance with the preceding paragraph, and as described in the Protective Order which was entered by this Court.

I declare under penalty of perjury under the laws of the State of the United States that the foregoing is true and correct.

[Date] _____

[Name]_____

1137886.3